McClain's Executors v. Babbitt.

---

Edward McClain's Executors, complainants,

*v.*

Robert O. Babbitt et al., defendants.

[Filed March 4th, 1901.]

A bill against two trustees to compel each to account for so much of the proceeds of certain property as came into his hands was filed by one who was entitled to an aliquot part of each fund.—*Held*, that neither of said trustees could complain because the person who was entitled to the remainder of each fund was not made a party, nor could either of the defendants file a cross-bill for the purpose of calling upon the other defendant to account for the fund in his hands.

---

On appeal of R. T. & W. B. Stout from an order of the chancellor striking out their cross-bill, and on appeal of Babbitt & Lawrence from the final decree advised by Vice-Chancellor Emery.

Upon making the order to strike out the cross-bill, the following memorandum was filed by the chancellor:

The solicitors in *Duprat* v. *McClain,* acting for their clients, agree that Messrs. Babbitt & Lawrence should make distribution of the moneys realized at the master's sale, and that Babbitt & Lawrence and R. T. & W. B. Stout should control the resale of goods bought in at the master's sale, and, impliedly, the disposition of the moneys realized at such resale. The bill in effect charges that the solicitors accepted this trust and partially, at

48

McClain's Executors *v.* Babbitt.

least, performed it. It ·calls upon them to account. Messrs
Babbitt & Lawrence answer and admit the trust, and say that
they alone received the moneys from the master for distribution,
and did not participate in the resale of the goods bought in. R.
T. & W. B. Stout attending to that part of the trust, and hence
that they cannot account for it. No allegation charges Messrs.
Babbitt & Lawrence with negligence or bad faith in leaving the
management of this part of the trust to R. T. & W. B. Stout,
and no reason appears why the resale should not have been left
to the Stouts. Hence it does not appear why Babbitt & Law-
rence should be held responsible for any default upon the part
of the Messrs. Stout. This being so, what purpose does the cross-
bill serve? It asks the same account from the Stouts that the
original bill asks for. I do not perceive that Babbitt & Lawrence
have any sufficient reason, as the pleadings stand, to ask such an
account or, indeed, any other relief against the Stouts, for they
are not, apparently, to be charged on the Stouts' account. The
cross-bill will be stricken out.

The conclusions of the vice-chancellor who heard the cause
on final hearing are as follows:

At the hearing in this case I reached the conclusion that upon
the true construction of the stipulation relating to the division
of the proceeds of sale, as modified by the final decree (which
directed that the proceeds should be paid for this purpose to
Babbitt & Lawrence, and not to them in connection with the
Messrs. Stout), Messrs. Babbitt & Lawrence became trustees di-
rectly and in their individual capacities for the complainant's
testator as to the portion of the fund to which he was entitled.
Their client, Duprat, was not a party to the bill, and his non-
joinder was objected to in their answer, and the objection being
also urged at the hearing, decision thereon was reserved.

Upon this point I conclude, after careful consideration, that
Duprat is not a necessary party. The stipulation as to the di-
vision of the proceeds of sale, after providing for the former
mortgage, is "sixty-five per cent. to Edward McClain and thirty-
five per cent. thereof to the complainant (Duprat), until the
amount due on the said Edward McClain's chattel mortgage is

paid.   The balance shall then be divided equally between the ·
complainant and Edward McClain." The final decree in the
cause entered on this stipulation, and for the purpose of carry-
ing it out, provides that the money raised on the sale should be
paid by "master making the sale to Babbitt & Lawrence, solici-
tors of the complainant, to be distributed among the several per-
sons holding certain mortgages in accordance with the terms of
the stipulation." The amount in Babbitt & Lawrence's hands to
be paid to McClain and Duprat under their stipulation was ad-
mitted by the answer to be $2,104.48, a sum less than the amount
due on McClain's mortgage. By these provisions of the stipula-
tion and decree, McClain became entitled to receive from Bab-
bitt & Lawrence, who held the fund as trustee, a certain aliquot
portion of the fund, and the case, therefore, is excepted from the
general rule relied on at the hearing that all parties interested
in the trust fund as trustees or *cestuis que trust* must be made
parties. This particular exception to the general rule is thus
stated in *Story Eq. Pl.* § *207a:*

"If each party is entitled to an aliquot part, such as a quarter or a half
of an ascertained and definite trust fund, in such a case he may sue for
his own portion thereof without making the other *cestuis que trust* (or
beneficiaries) parties, for there is no community of property or other mat-
ter in virtue of which they have or, can have any interest in the suit or
object of the suit."

This rule is applicable, and the objection for want of parties
is therefore overruled. The question of payment of interest by
Babbitt & Lawrence on the portion of the trust fund to which
complainant was entitled was raised at the hearing and was also
reserved. No authorities have been cited by counsel on either
side, and, as the result of my own examination upon the subject,
I conclude that they are chargeable with interest. It appears by
the defendant's answer and by the evidence, that soon after the
receipt of the money they denied the existence of any trust for
complainant, and claiming to hold the entire fund solely in trust
for their own client, paid over the entire amount to him, after
deducting their own charges and expenses. This payment was
made without any application to the court for direction as to
their duties; was entirely in the interest of their own client, to

·whom, together with themselves, the benefit of the use of the money was thus given in violation of the trust, and the complainants were thereby deprived of the benefit of any interest on the fund.

It is a case, therefore, in my judgment, where the trustee, although he has not himself received interest upon or had the use of all the money, is chargeable with interest on that portion of complainants' money which was paid over to another claimant in disregard or repudiation of their rights. The complainants, if they were following the trust funds in Duprat's hands and claiming repayments, would clearly be entitled to interest against him from the time of its receipt, and, as it seems to me, the liability of the trustee for interest on the fund thus improperly paid to Duprat for his use, or retained for their own, must be the same.

Interest, therefore, from the date of the payment over of the fund by Babbitt & Lawrence is receivable, and this date, if it does not appear by the evidence, or is not agreed on, may be ascertained by further proof. The form of decree against the defendants Stout will be settled on notice.

*Messrs. Corbin & Corbin,* for the appellants Babbitt & Lawrence.

*Mr. Halsted H. Wainwright,* for the appellants Stout.

*Messrs. Hawkins & Durand,* for the respondents, McClain's executors.

The opinion of the court was delivered by

GARRISON, J.

McClain and Duprat each had a mortgage upon the same chattels. In a suit to foreclose these mortgages it was stipulated by the respective solicitors, R. T. & W. B. Stout and Babbitt & Lawrence, that McClain was entitled to sixty-five per cent. and Duprat to thirty-five per cent. of the value of the security, and that the chattels should be sold at public sale, and that such of them as were not bid up to a fair price should be bought in and be sold at private sale, and that the proceeds (over and above

McClain's Executors *v.* Babbitt.

certain prior encumbrances) should be divided between McClain and Duprat in the above ratio. The public sale was had and some of the articles were bought in. The entire net proceeds of the public sale were paid to the appellants, Babbitt & Lawrence; the articles bought in went into the hands of R. T. & W. B. Stout, to be sold by them at private sale. The bill was filed by McClain, and prayed that Babbitt & Lawrence be required to account for the money that came into their hands and to pay over sixty-five per cent. of it to the complainant, and that R. T. & W. B. Stout be required to do likewise with respect to the fund in their hands. The bill was not objected to upon the ground of multifariousness, but the appellants contended that their client, Duprat, was a necessary party, and they also sought to file a cross-bill attacking the resale of the goods by R. T. & W. B. Stout and calling upon them for an account.

The opinions delivered in the court of chancery dispose satisfactorily of the questions that are presented by this appeal. These are that the suit was against the appellants and R. T. & W. B. Stout severally and in their personal capacity, and that, in the sale of the goods, they had acted in that character, and not as representatives of their respective clients; that their legal attitude was that of trustees, with respect to the money or property each had taken into his possession; that the complainant was entitled to an aliquot part of each trust, and that the client of the appellants was not a necessary party.

The chancellor also properly decided that these appellants were not interested in the relation between the complainant and the other trustees as to the fund in their hands, and hence could not, by cross-bill, call upon them for an accounting.

The decree of the chancellor is affirmed, with costs.

*For affirmance* — The Chancellor, Chief-Justice, Van Syckel, Dixon, Garrison, Gummere, Fort, Garretson, Hendrickson, Bogert, Krueger, Adams, Vredenburgh, Voorhees —14.

*For reversal*—None.